IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WALTER E. BROWN** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 12-414-CG-C |
| | ) |
| **THE BOEING COMPANY,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on The Boeing Company ("Boeing")'s amended motion for judgment on the pleadings (Doc. 108), Lockheed Martin Corporation ("Lockheed Martin")'s motion for judgment on the pleadings (Doc. 112), and Plaintiff's motion for voluntary dismissal (Doc. 117) , and replies and responses thereto.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Walter E. Brown, alleges that at various times from approximately 1950 into the early 1980s, he was wrongfully exposed to asbestos-containing products or equipment that Boeing, Lockheed Martin, United Technologies Corporation ("UTC"), Honeywell International, Inc. ("Honeywell"), and IMO Industries, Inc. ("IMO") (collectively, "Defendants"[1]) designed, marketed,

---

[1] Plaintiff's complaint also named CBS Corporation (f/k/a Viacom, Inc.), DAP Products, Inc., General Electric Company, Georgia-Pacific LLC, Goodrich Corporation, Metropolitan Life Insurance Company, RT Vanderbilt Company, Inc., Simmonds Precision Products, Inc. (f/k/a Simmonds

1

manufactured, distributed, supplied and/or sold.  (Doc. 1 ¶¶ 5, 20.)  On April 24, 2012, Brown was diagnosed with asbestos-related malignant mesothelioma, id. ¶ 25, and commenced this lawsuit on June 22, 2012.

All Defendants have answered the Complaint.  (Docs. 38, 40, 63, 65, 98).  Though the Rule 26(f) conference has not yet occurred, Plaintiff's deposition was expedited and taken in late July due to Plaintiff's declining health.  (Doc. 24.)  In early August, Defendants Boeing and Lockheed Martin separately moved for judgment on the pleadings, maintaining that Plaintiff's claims are barred under Alabama's statute of limitations for asbestos-related actions.  (Docs. 108, 112.)  UTC, Honeywell, and IMO have joined Boeing's motion.  (See Docs. 109, 111, 116.)  Plaintiff responded to Defendants' motions (Doc. 118), but also filed a motion for voluntary dismissal (Doc. 117) on August 17, 2012.  Defendants jointly oppose Plaintiff's motion.  (Doc. 151.)

## II.   DISCUSSION

Eleventh Circuit precedent dictates that "'in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result.'"  Pontenberg v. Bos. Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (quoting McCants v. Ford Motor Co., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in McCants).  The critical question is whether dismissal would cause the defendant to lose a

---

Precision Engine Systems, Inc.), and Union Carbide Corporation as defendants, but these entities were dismissed without prejudice as of August 29, 2012.  (Docs. 136, 147.)

substantial right.  See id.  (citing Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).  This Court has "broad equitable discretion under Rule 41(a)(2)," McCants, 781 F.2d at 857, as "a plaintiff holds no right to such dismissal," In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006) (citing Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1503 (11th Cir. 1991)).  In exercising its discretion, the Court keeps defendants' interests in mind, for Rule 41(a)(2) exists chiefly for their protection.  Fisher, 940 F.2d at 1503.  However, in the Eleventh Circuit, "the range of legally significant prejudice is quite narrow." Newton v. Auto-Owners Ins. Co., 2007 WL 136700, at *2 (S.D. Ala. Jan. 16, 2007) (citing Pontenberg, 252 F.3d at 1258-59).

The issue before the Court is relatively simple.  This litigation is still at a nascent stage.  This action has been pending for fewer than three months.  The Rule 26(f) conference has not yet taken place, and therefore, with the exception of Plaintiff's aforementioned deposition, discovery has not begun.  Defendants argue that dismissal without prejudice would be unfair because the parties have invested significant resources in litigating the time and scope of Plaintiff's deposition.  (Doc. 151 at 3, 5-6).  However, the fact that "some limited discovery has been done in this case does not mean that the Defendant[s] will suffer plain prejudice, especially when arguments and evidence sought to be presented by the Defendant[s] in this case can be used by the Defendant[s] if the case is again filed by the Plaintiff." Berry v. Gen. Star Nat'l Ins. Co., 190 F.R.D. 697, 698 (M.D. Ala. 2000).

Defendants also argue that Plaintiff's motion should be denied because it is "a bald-faced attempt" to circumvent a valid statute of limitations defense. (Doc. 151 at 1.) Plaintiff concedes that his motion is driven, at least in part, by the desire "to avoid any possibility of an adverse ruling" on that issue, Doc. 117 at 4, but his stated reason for voluntary dismissal is "to refile this action in Connecticut, where a substantial portion of Brown's asbestos exposure occurred," Doc. 117 at 3.

The Court need not explore Plaintiff's motivation because, as stated clearly in McCants, "the likelihood that a dismissal without prejudice will deny the defendant a statute of limitations defense does not constitute plain legal prejudice and hence should not alone preclude such a dismissal." McCants, 781 F.2d at 858.

Defendants attempt to limit McCants' holding by citing a handful of Eleventh Circuit and district court cases in which the plaintiff was prevented from dismissing the case at the summary judgment stage. In those cases, significant time had passed between commencement of the action and the plaintiff's motion to dismiss, considerable resources had been expended, and discovery had completed. The same cannot be said here. Judge Acker recognized more than 20 years ago:

> Dismissing a possibly meritorious but time-barred case without prejudice so that a litigant may re-file the action in a jurisdiction with a longer limitations period is one thing. Dismissing a case in which no genuine issue of material fact exists without prejudice so that a litigant may re-file the action in another jurisdiction is quite another.

Gulf States Steel, Inc. v. Lipton, 765 F. Supp. 696, 700 (N.D. Ala. 1990), aff'd 934 F.2d 1265 (11th Cir. 1991). Plaintiff's motion is due to be granted, as the record

4

fails to disclose any prejudice to the Defendants "other than the annoyance of a second litigation upon the same subject matter." Durham, 385 F.2d at 369.

However, Plaintiff's decision to commence and then abandon his suit in this Court has consequences that warrant certain relief. In order to "do justice between the parties," the Court may "impos[e] such costs and attach[] such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857. The Eleventh Circuit has advised that "[w]here a subsequent similar suit between the parties is contemplated, expenses awarded might be limited to those incurred in discovering information and researching and pressing legal arguments that will not be useful in the later suit." Id. at 860; see also 24 Am. Jur. 2d Dismissal § 51 ("An award of attorney's fees and other costs made as a condition to a voluntary dismissal should be limited to those expenses that will not benefit the defendant in subsequent, continuing, or pending litigation or otherwise provide a windfall to the defendant."). The Court believes that the limited discovery conducted to date (*i.e.*, Plaintiff's deposition) will be useful to both parties should this action be refiled in Connecticut as contemplated by Plaintiff. However, the Court considers it appropriate for Plaintiff to reimburse Defendants for the cost of researching Alabama's statute of limitations, briefing the issue in support of its motions for judgment on the pleadings (Docs. 108, 112 & 150), and responding to Plaintiff's motion for voluntary dismissal (Doc. 151). See Gulf States Steel, 765 F. Supp. at 700 & n.1, aff'd 934 F.2d 1265 (awarding costs for statute of limitations research and briefing and approving

assessment of costs and expenses related to motion for voluntary dismissal if such motion were granted).

## CONCLUSION

In accordance with the foregoing, Plaintiff's motion for voluntary dismissal (Doc. 117) is **GRANTED** and Plaintiff's claims against Defendants are hereby **DISMISSED** without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Defendants' motions for judgment on the pleadings (Doc. 108, 112) are **DENIED AS MOOT**. The Court shall retain jurisdiction over the case until the attorneys' fees and costs issues are resolved. Defendants are **DIRECTED** to file, no later than September 27, 2012, a motion for attorney's fees and costs as set forth above, supported by documentary evidence (which includes appropriate affidavits and other supporting documentation outlining the precise time spent, the nature of the work done, and the attorney's fees billed). Plaintiff may file written objections no later than October 4, 2012, after which time the motion will be taken under submission.

**DONE and ORDERED** this 13th day of September, 2012.

/s/ Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE